PRO SE OFFICE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/18/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HFP CAPITAL MARKETS, LLC; GEOFFREY BYRUCH | Case No. 1.12-cv-02124-JPO |
| PLAINTIFFS | MOTION FOR STAY ALL PROCEEDINGS PENDING DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION |
| ("JPML") v. | |
| PLASMA ARC TECHNOLOGIES, INC.; BARRINGTON SCHNEER; CHAD ALTIERI; JOHN LEUFRAY; JAMES KOENIG; CANADIAN STEEL, INC.; CANADIAN STEEL FABRICATORS, LTD.; GEORGE MESA JR., | U.S. DISTRICT COURT FILED APR 18 2012 S.D. OF N.Y. |
| DEFENDANTS. | |

### DEFENDANT, CHAD ALTIERI's MOTION FOR STAY PENDING DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION ON CONSOLIDATION AND TRANSFER

**COMES NOW** Defendant, Chad Altieri, and hereby moves the Court to stay all proceedings in this action pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") on HFP Capital Markets', et al motion to transfer and consolidate this and three other pending federal actions for coordinated pretrial proceedings.[1] This case is one of four actions pending in federal courts in California and Florida and New York that arise out of the defamatory comments, which injured two Plaintiffs, and the breach of Non-Circumvent/Non-Disclosure/Non-Compete Agreements in which HFP/Byruch/Movants stole science, science team, and created competition in the market place in violation of said agreements. Additionally, the case filed before this Honorable Court was conveniently brought three days before the

---

[1] The Plaintiff's MDL Motion and memorandum in support thereof had attached to it a Schedule of Actions Involved filed with the JPML. There have been some changes in the Schedule but it is attached as Exhibit B

Multidistrict litigation hearing which consists of gross fabrications, fictitious and ostentatious personal attacks, and outright lies that is clearly retaliatory, and was conveniently brought in order to create a pending case in the district, a fact necessary to effectuate transfer to the Southern District of New York. A supporting memorandum is attached, and an agreed order is submitted to the Court for its review.

The complaint was filed on Thursday March 22, 2012 and emailed on Monday, March 26, 2012. Counsel for HFP Capital Markets, et al. filed "notice of related action" (Please see attached exhibit A) with the multidistrict panel three days before the Thursday March 29, 2012 multidistrict litigation hearing. All of the other actions pending in the Southern District of Florida have been stayed and it would conserve judicial resources to similarly stay the newly brought New York proceedings until a decision is made as to consolidation and where the pre-trial proceedings will occur (Please see Orders Staying all Actions in the Southern District of Florida as Exhibit C). In furtherance, it would prevent duplicative discovery for the short period anticipated to receive a ruling.

**MEMORANDUM IN SUPPORT**

Defendant, Chad Altieri, moves this Court to stay this case pending a decision on a petition now pending before the Judicial Panel on Multidistrict Litigation ("JPML") in support of the establishment of a consolidated multidistrict proceeding for this and related litigation.

This case is one of four actions pending in federal courts in California and Florida and New York that arise out of the defamatory comments, which injured two Plaintiffs, and the breach of Non-circumvent/non-disclosure/non-compete agreements in which HFP/Byruch/Movants stole science, science team, and created competition in the market place in violation of said agreements. Additionally, the case brought before this Honorable Court was conveniently brought three days before the Multidistrict litigation hearing which consists of gross fabrications, false and pretentious personal attacks, and outright lies that is not only retaliatory, but also conveniently timed in order to create a pending case in the district, a fact necessary to effectuate transfer to the Southern District of New York.

Given the pendency of the MDL Motion, Chad Altieri requests that this Court stay all pretrial proceedings in the instant case until the JPML has ruled. Awaiting the JPML's decision would serve the principle aims of multidistrict litigation – preserving resources of the courts and litigants and avoiding inconsistent decisions on the same pretrial issues – by allowing a single transferee court to consider the common legal and factual pretrial issues together and issue consistent rulings on such issues. See In re Air Crash Near Kirksville, Mo., on Oct. 19, 2005, 383 F. Supp. 2d 1382, 1383 (J.P.M.L. 2005); Board of Trs. of the Teachers' Ret. Sys. v. WorldCom, Inc., 244 F. Supp. 2d 900, 905-06 (N.D. Ill. 2002). Numerous courts have previously recognized the propriety of staying proceedings while the JPML considers a motion to consolidate and transfer similar cases to a single transferee court. Additionally, opposing counsel and Plaintiffs/Defendants/Movants can hardly argue with this Motion considering they already filed a Notice of Related Action with the Judicial Panel on Multidistrict Litigation arguing that the newly filed pending action in New York should be considered for consolidation and transfer as the qualifying case to justify transfer to the Southern District of New York. The JPML is currently making its decision as to consolidation and transfer and it seems to serve the judicial resources to stay this whole proceeding until such decision is made.

**ARGUMENT**

Federal courts possess inherent powers to stay proceedings before them. Landis v. North America Co., 299 U.S. 248, 254-255 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, counsel, and for litigants"). Courts have routinely exercised this inherent authority to stay pretrial proceedings during the pendency of a motion before the JPML seeking coordinated pretrial proceedings. Indeed, "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (citing cases).

There is a good reason that this is the majority rule: an interim stay promotes judicial economy and avoids inconsistent results. See, e.g., Worldcom, Inc., 244 F. Supp. 2d at 905-06 (finding that "the interests of judicial economy and the threat of inconsistent rulings" favor a stay of all pretrial proceedings pending the JPML's transfer decision); Johnson v. AMR Corp., 1996 WL 164415, at **3-4 (N.D. Ill. Apr. 3, 1996) (concluding that "the best course is to postpone ruling on the present motions ... and allow the MDL panel to determine whether to make its conditional final orders"); see also In re Ivy, 901 F.2d 7, 9 (2d Cir. 1990) (holding that "[c]onsistency as well as economy is served" by staying consideration of a remand motion pending a decision by the MDL Panel); Tench v. Jackson National Life Insurance Co., 1999 WL 1044923, at *3-4 (N.D. Ill. Nov. 12, 1999) (staying all pretrial proceedings pending the JPML's transfer decision to "avoid duplicative efforts and preserve valuable judicial resources.")[2]

In this case, both consistency and economy will be served by staying pretrial proceedings pending the JPML's decision on the motion to transfer and consolidate the Actions. If numerous courts, including this Court, proceed with pretrial matters in advance of the JPML's decision, then the efforts of the courts and litigants will be needlessly repeated many times over.

Moreover, such a "stay" will not unfairly prejudice the Plaintiffs. This is especially true considering it was the Plaintiffs that were the parties who initiated the JPML proceedings in the

---

[2] See also Lame Bull v. Merck & Co., 2006 WL 194277, at * 2 (E.D. Cal. Jan. 24, 2006) ("the interest of judicial economy favors staying this action pending its transfer to the MDL proceedings"); Toppins v. 3M Co., 2006 WL 12993, at **1-2 (E.D. Mo. Jan. 3, 2006) ("Judicial economy weighs in favor of granting the request for a temporary stay pending a decision by the MDL panel."); Animal Sci. Prods., Inc. v. Hebei Welcome Pharm. Co., 2005 WL 3555926, at *1 (E.D.N.Y. Dec. 23, 2005) (noting that, in staying motion to remand pending decision by the MDL Panel, "valuable judicial resources will be preserved"); Beal v. Merck & Co., Inc., 2005 WL 3279285, at *1 (W.D. Tenn. Dec. 1, 2005) (staying motion to remand because "in the absence of a stay, the risk to [the defendant] of duplicative motions and discovery is significant"); Ramos-Martir v. Astra Merck, Inc., 2005 WL 3088372, at *1 (D.P.R. Nov. 17, 2005) (granting stay of all proceedings pending MDL's transfer decision because of the "undesirability of expending judicial resources familiarizing ourselves with the intricacies" of a case that is likely to be transferred); Foti v. Warner-Lambert Co., 2005 WL 2036920, at *1 (E.D. La. Aug. 16, 2005) (staying all pretrial proceedings, including motion to remand, pending transfer decision by the MDL); Mirabile, M.D. v. Blue Cross & Blue Shield of Kansas City, Inc., 2005 WL 1592661, at *2 (D. Kan. July 7, 2005) (finding that a stay of all proceedings pending a ruling by MDL "will serve the interests of justice, promote judicial economy, and prevent the parties from incurring unnecessary litigation costs in the meantime"); Med. Soc'y v. Connecticut Gen. Corp., 187 F. Supp. 2d 89, 91-92 (S.D.N.Y. 2001) (deferring consideration of motion to remand pending transfer decision by MDL Panel).

first place, which have stayed and stalled the other actions for several months now. By and through HFP's and Byruch's own actions by filing a case in New York and using it as a basis to justify consolidation and transfer to the Southern District of New York, it is apparent they feel stay and consolidation is proper (See Exhibit A). In fact, as Defendants in one of the other actions, Plaintiffs here asked for stay relief in an email to counsel for Plasma Arc Technologies pending the JPML proceedings. The Court in a separate action in the Southern District of Florida initiated an automatic stay and counsel for HFP/Byruch asked counsel for Plasma Arc Technologies if it opposed similar relief in the PAT v. HFP Capital Markets, et. al action, as they were going to ask for it either way. If the MDL Motion is granted, and this case is transferred, then the transferee court may consider any and all pretrial matters at that time. See, e.g., In re Ivy, 901 F.2d at 9. In the unlikely event the MDL Motion is denied, then the stay can be immediately lifted, and this Court can proceed with this matter as before. Under these circumstances, plaintiff faces no unfair prejudice from the requested stay. Moreover, the decision from the JPML will likely determine how the actions will move forward including Motions for Admission Pro Hac Vice which may or may not be necessary depending on the JPML proceedings.

**CONCLUSION**

For the foregoing reasons, Defendant Chad Altieri requests that its motion to stay be granted, and that the Court stay all pretrial proceedings pending the JPML's decision on the MDL Motion. In the alternative, Chad Altieri requests a 35-day extension of time to answer or otherwise plead in response to the complaint.

Respectfully submitted,

/s/

*Chad Altieri*
201 S. Biscayne Blvd.
28th Floor
Miami, FL 33131
(305) 562-4981 tel.
(305) 865-1268 fax
FL Bar 49687
Dated this 12th day of April, 2012

EXHIBIT A

BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re Plasma Arc Technologies, Inc. Due Diligence Litigation | MDL No. 2336 |

## NOTICE OF RELATED ACTION

PLEASE TAKE NOTICE that *HFP Capital Markets et anno. v. Plasma Arc Technologies, Inc., et al.*, No. 12-cv-2124, was filed in the United States District Court for the Southern District of New York on March 22, 2012. A Schedule of Actions is attached hereto as Exhibit A. A copy of the docket sheet and complaint are attached hereto as Exhibit B.

Dated: March 22, 2012     By:     __s/ Samuel J. Lieberman__
New York, New York

Samuel J. Lieberman
Douglas R. Hirsch
SADIS & GOLDBERG LLP
551 Fifth Avenue, 21st Floor
New York, NY 10176
Tel:   (212) 573-8164
Fax:   (212) 573-8149

*Attorneys for Movants HFP Capital Markets, LLC and Geoffrey Byruch*

EXHIBIT B

BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

In re Plasma Arc Technologies, Inc. Due Diligence Litigation, MDL-____

Schedule of Actions[1]

| Plaintiff(s) | Defendants | Court | Civ. Action No. | Judge |
|---|---|---|---|---|
| James Koenig | Geoffrey Byruch, individually and as Manager-Member of HFP Capital Markets LLC | C.D.C.A Eastern Div. | 5:11-cv-01671 | Hon. Margaret M. Morrow |
| John Leufray | Geoffrey Byruch | C.D.C.A. Eastern Div. | 5:11-cv-01700 | Hon. Margaret Morrow |
| Canadian Steel, Inc. | HFP Capital Markets, LLC; Geoffrey Byruch | S.D. Fla. | 1:11-cv-23650 | Hon. Cecilia M. Altonaga |
| Plasma Arc Technologies, Inc. | Geoffrey Byruch; HFP Capital Markets, LLC | S.D. Fla. | 1:11-cv-24232 | Hon. Robert N. Scola, Jr. |
| John Leufray | Geoffrey Byruch | C.D.C.A. Eastern Div. | 5:11-CV-2053 | Hon. Virginia A. Phillips |

---

[1] The Docket Sheets and Complaints for these actions are referenced in the supporting brief as Exhibits A-E hereto.

EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-24232-Civ-SCOLA/BANDSTRA

PLASMA ARC TECHNOLOGIES, INC.

    Plaintiff,

vs.

HFP CAPITAL MARKETS, LLC, and
GEOFFREY BYRUCH, an individual,

    Defendants.
_____/

### ORDER STAYING AND ADMINISTRATIVELY CLOSING CASE PENDING RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

THIS MATTER is before the Court on Defendants' Notice of Filing the Motion to Transfer Actions to the Southern District of New York for Consolidated Proceedings (ECF No. 9). Having reviewed and considered the motion, the record, and the relevant legal authorities, it is **ORDERED and ADJUDGED** as follows:

1. This case shall be **STAYED** pending a determination by the Judicial Panel on Multidistrict Litigation.

2. Within **fourteen days** of the Judicial Panel on Multidistrict Litigation releasing its decision, Defendants shall file a notice with this Court informing the Court as to the Panel's decision. The Court will reopen and recommence proceedings if the Panel determines that the actions are inappropriate for coordinated treatment or that this case is inappropriate for transfer.

3. The Clerk shall administratively **CLOSE** this case. All pending motions, if any, are **DENIED AS MOOT.**

    **DONE and ORDERED** in chambers, at Miami, Florida, on January 4, 2012.

                                            ROBERT N. SCOLA, JR.
                                            UNITED STATES DISTRICT JUDGE

Copies to:
Designated U.S. Magistrate Judge
Counsel of record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-23650-CIV-ALTONAGA/Simonton

CANADIAN STEEL, INC.,

    Plaintiff,
vs.

HFP CAPITAL MARKETS,
LLC, *et al.*,

    Defendants.
_____/

## ORDER ADMINISTRATIVELY CLOSING CASE

**THIS CAUSE** came before the Court upon Defendants' Notice of Filing ("Notice") [ECF No. 26], filed on January 3, 2012. In the Notice, Defendants advise the Court they have filed a Motion to Transfer Actions to the Southern District of New York for Consolidated Proceedings before the Judicial Panel on Multidistrict Litigation, on December 30, 2011. The Court has carefully considered the Notice, and being fully advised, it is

**ORDERED AND ADJUDGED** that

1.     This case is **STAYED** pending a transfer decision by the Judicial Panel on Multidistrict Litigation.

2.     Furthermore, the case shall be **ADMINISTRATIVELY CLOSED**, for statistical purposes only, without prejudice to the substantive rights of any of the parties. Any party may move to reopen this case at the appropriate time.

Case No. 11-23650-CIV-ALTONAGA/Simonton

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of January, 2012.

*Cecilia M. Altonaga*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HFP CAPITAL MARKETS, LLC; GEOFFREY BYRUCH | Case No. 1.12-cv-02124-JPO |
| PLAINTIFFS | PROOF OF SERVICE FOR MOTION FOR STAY ALL PROCEEDINGS PENDING DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION ("JPML") |
| v. | |
| PLASMA ARC TECHNOLOGIES, INC.; BARRINGTON SCHNEER; CHAD ALTIERI; JOHN LEUFRAY; JAMES KOENIG; CANADIAN STEEL, INC.; CANADIAN STEEL FABRICATORS, LTD.; GEORGE MESA JR., | |
| DEFENDANTS. | |

## PROOF OF SERVICE

I hereby certify that on April 12, 2012, a copy of the foregoing Motion for Stay and this Certificate of Service was served by First Class Mail/and/or email upon the following parties:

/S/ *[signature]*
Chad Altieri
201 S. Biscayne Blvd.
28th Floor
Miami, FL 33131
(305) 562-4981 tel.
(305) 865-1268 fax
Dated this ___th day of April, 2012

Samuel J. Lieberman
Sadis & Goldberg LLP
551 Fifth Avenue
21st Floor
New York, NY 101

1

Tel: (212) 573-8164
Fax: (212) 573 8149
Email: SLieberman@SGLawyers.com

John Webb, Esq.
PO Box 60832
Fort Meyers, FL 33906
Tel: (941) 404-5313
Email: JohnWebbLegal@gmail.com

Solomon B. Genet, Esquire
Florida Bar No. 617911
SGenet@MelandRussin.com
Joshua A. Marcus, Esquire
Fla. Bar No. 92857
JMarcus@MelandRussin.com
MELAND RUSSIN & BUDWICK, P.A.
3000 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

John LeuFray
7365 Sherman Hoyt Ave.
Twentynine Palms, CA 92277
Tel: (305) 801-2878

James Koenig
73185 Sun Valley Dr.
Twentynine Palms, CA 92277
JamesBKoenig@gmail.com

George Mesa Jr.
12540 NW South River Drive.
Medley-Miami, FL 33187

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HFP CAPITAL MARKETS, LLC;<br>GEOFFREY BYRUCH<br><br>PLAINTIFFS<br><br>v.<br><br>PLASMA ARC TECHNOLOGIES, INC.;<br>BARRINGTON SCHNEER; CHAD ALTIERI;<br>JOHN LEUFRAY; JAMES KOENIG;<br>CANADIAN STEEL, INC.; CANADIAN<br>STEEL FABRICATORS, LTD.; GEORGE<br>MESA JR.,<br><br>DEFENDANTS. | Case No. 1.12-cv-02124-JPO<br><br>ORDER ON MOTION FOR STAY ALL PROCEEDINGS PENDING DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION ("JPML") |

### ORDER GRANTING DEFENDANT CHAD ALTIERI's MOTION FOR STAY ALL PROCEEDINGS PENDING DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION ("JPML")

**THIS CAUSE,** having come Before This Honorable Court Upon Defendant, Chad Altieri's Motion For Stay All Proceedings Pending Decision By The Judicial Panel On Multidistrict Litigation ("JPML"), and the Court having reviewed the Motion, hearing argument from undersigned, and being otherwise duly advised in the premises,

**ORDERS, ADJUDGES, and DECREES that**

1. This case shall be **STAYED** pending a determination by the Judicial Panel on Multidistrict Litigation.

2. Within fourteen days of the Judicial Panel on Multidistrict Litigation releasing its decision, Defendants shall file a notice with this Court informing the Court as to the Panel's decision. The Court will reopen and recommence proceedings if the Panel determines that the actions are inappropriate for coordinated treatment or that this case is inappropriate for transfer.

3. The Clerk shall administratively CLOSE this case. All pending motions, if any, are **DENIED AS MOOT**.

**DONE and ORDERED in chambers, at New York, NY, on April \_\_\_, 2012.**

_____
**HONORABLE JUDGE J. PAUL OETKEN
UNITED STATES DISTRICT JUDGE**

**cc. All Counsels of Record**